# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>N. SELLIERS, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00420-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST<br><br>THIRTY-DAY DEADLINE |

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 27, 2018. (ECF No. 1).

It appears from the face of the complaint that Plaintiff did not exhaust administrative remedies before filing this action. Although he claims that there was a period of time when Defendants took away his personal property and left him naked in a cell, so that he could not file grievances, this period appears to have been brief. Plaintiff alleges he received his personal property back on March 15, 2018, and yet still did not exhaust administrative remedies.

Accordingly, the Court will order Plaintiff to file a response within 30 days, explaining why his case should not be dismissed for failure to exhaust his administrative remedies. Such dismissal would be without prejudice, so that Plaintiff may refile the case once he has exhausted those remedies, if it is still possible to do so.

\\\

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. LEGAL STANDARDS

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859. The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

As the U.S. Supreme Court recently explained in Ross, 136 S.Ct. at 1856, regarding the PLRA's exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.... [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any "special circumstances."

Id. (internal citations omitted).

### III. ANALYSIS

It appears from the face of the complaint that Plaintiff has failed to exhaust his administrative remedies before filing this lawsuit.

Plaintiff's complaint includes a discussion of exhaustion of legal remedies, which states the following:

> Defendants S. Babb, A. Petterson, S. Tumacdor, and Gavacio illegally confiscated all of the plaintiff's personal property, moved the plaintiff to an isolated, naked cell and directly order [sic] prison staff not to engage and/or issue the plaintiff anything, including writing material and institutional complaint forms. Acting on these illegal orders has render [sic] the institutional internal grievance process here at CSP-Corcoan [UNAVAILABLE] to this plaintiff.

3

(ECF No. 1, at pgs. 10-11).

However, elsewhere in his complaint, Plaintiff states that "[o]n March 15, 2018, Plaintiff received his personal property back." (Id. at 10). He also describes how he wrote personal letters to various officials and "placed them on legal notice that he intended to take immediately [sic] legal actions against them…." Id. This establishes that Plaintiff did have his personal property and the ability to write letters shortly after the incident in question, and strongly suggests that he could have filed grievances at that time. It also suggests that Plaintiff had an intention to file legal action immediately rather than waiting to complete the grievance process, despite the legal requirement to do so.

Additionally, the incidents discussed in the complaint began on March 8, 2018. Plaintiff filed this case on March 27, 2018, which is only 19 days after the event in question (and the complaint itself is dated March 19, 2018). This strongly suggests that Plaintiff did not even attempt to comply with the exhaustion requirement.

## VII. CONCLUSION AND ORDER TO SHOW CAUSE

It appears, based on the face of the complaint, that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this case should not be dismissed, without prejudice, for failure to exhaust available administrative remedies.

If Plaintiff fails to file a response, the Court will recommend to a district judge that Plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **August 28, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE