# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>    Plaintiff,<br><br>  v.<br><br>N. SELLIERS, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00420-AWI-EPG (PC)<br><br>ORDER ON FINDINGS AND RECOMMENDATIONS<br><br>(ECF NOS. 1 & 13) |

Kareem J. Howell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 28, 2018, Magistrate Judge Erica P. Grosjean entered findings and recommendations, recommending that this action be dismissed, with prejudice, for failure to state a claim. (ECF No. 13, p. 13).

Plaintiff was provided an opportunity to file objections to the findings and recommendations. Plaintiff filed his objections on October 12, 2018. (ECF No. 14).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

However, in the objections, Plaintiff clarifies that he was denied his medication for one week by Defendant Selliers. Plaintiff also emphasizes that Defendant Garvacio forcefully grabbed him around the neck and threatened him. Given Plaintiff's objections, the Court finds

1

that it is not necessarily clear that amendment would be futile with respect to a potential Eighth Amendment claim against Selliers based on her failure to provide medication for one week, cf. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (discussing Eighth Amendment medical indifference claims), and a potential Eighth Amendment claim against Garvacio for excessive force, i.e. non-de minimis force used maliciously and not for a legitimate attempt to maintain or restore order. See Rodriguez v. County of L.A., 891 F.3d 776, 797 (9th Cir. 2018) (discussing the difference between Fourth Amendment and Eighth Amendment excessive force cases). Therefore, Plaintiff will be given leave to file an amended complaint that alleges Eighth Amendment claims against Selliers and Garvacio, as described above. No other parties or causes of action may be included in the amended complaint. Further, Plaintiff is reminded that he must include sufficient facts within his amended complaint that demonstrate he has "plausible" claims against Selliers and Garvacio. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

Accordingly, THE COURT HEREBY ORDERS that:

1. The findings and recommendations issued on September 28, 2018 (Doc. No. 13) are ADOPTED, consistent with this order;
2. Plaintiff's complaint is DISMISSED;
3. Within thirty (30) days of service of this order, Plaintiff may file an amended complaint that is consistent with the analysis of this order, that is, limited to one claim for Eighth Amendment medical indifference against Defendant Selliers and one Eighth Amendment excessive force claim against Defendant Garvacio;[2]
4. Once Plaintiff files his amended complaint, the Magistrate Judge shall screen the amended complaint; and
5. Failure by Plaintiff to file a timely amended complaint will result in the withdrawal of leave to amend and dismissal of this case without further notice.

---

[1] The Court also refers Plaintiff to the legal standards identified in the Findings and Recommendation at Page 2, Line 13 to Page 3, Line 9, and Page 7, Line 1 to Page 10, Line 3.

[2] Any other claims against Selliers or Garvacio, or any claims against defendants other than Selliers and Garvacio, will be stricken as unauthorized and in violation of this order.

IT IS SO ORDERED.

Dated:  January 25, 2019

_____
SENIOR  DISTRICT  JUDGE